**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR JACUINDE MEDINA, | No. 20-72799 |
| Petitioner, | |
| v. | Agency No. A205-464-581 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Victor Jacuinde Medina (Petitioner), a citizen of Mexico, petitions for review

of the Board of Immigration Appeals' (BIA) decision affirming the denial of his

applications for withholding of removal and protection under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the petition.

When "the BIA conducts its own review of the evidence and law," rather than adopt the decision of the Immigration Judge (IJ), "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). "We review factual findings for substantial evidence and legal questions de novo." *Id.*

1. The immigration court had jurisdiction to commence Petitioner's removal proceeding. Contrary to Petitioner's assertion, a failure to include the details required under 8 U.S.C. § 1229(a)(1)(G)(i) is not a jurisdictional defect. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020). Since Petitioner petitioned for review, we have explained that provision "chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct . . . proceedings." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc).

2. Petitioner raises two procedural objections. He did not, however, exhaust either objection before the agency. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1). "The exhaustion requirement . . . is a non-jurisdictional 'claim-processing rule,'" but a court must enforce the requirement if a party properly raises it. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir.

2

2024) (quoting *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023)).  To the extent that constitutional challenges are not subject to the exhaustion requirement, that exception does not apply to procedural errors "that are correctable by the administrative tribunal."  *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995); *see also Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (stating that "we may not entertain due process claims based on correctable procedural errors unless the alien raised them below.").

Here, Petitioner contends that the IJ violated his due process rights by failing to inform him of his right to pre-deportation voluntary removal under 8 U.S.C. § 1229c and by failing to develop the factual record regarding the hardship that his qualifying children would experience upon his removal from the United States. These allegations of due process violations are the kind of procedural errors which are correctible by the agency, and thus subject to the exhaustion requirement.  *See Rashtabadi*, 23 F.3d at 1567 (stating that an IJ's alleged failure to advise an alien of his rights is a due process violation that the BIA could have corrected); *Agyeman*, 296 F.3d at 877 (stating that the exhaustion requirement applies to claims that an alien was denied a "full and fair hearing," including whether the IJ failed to fully develop the record).  Because Petitioner did not present these arguments to the BIA, these challenges are unexhausted and therefore are not properly before us.  *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana*, 101 F.4th at 629.

3. Substantial evidence does not compel reversing the agency's finding that Petitioner is not eligible for CAT relief. The burden is on Petitioner to prove his eligibility for CAT relief. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). The IJ considered all of the record evidence and concluded that Petitioner had failed to establish that it is more likely than not that he would be tortured in Mexico with the participation or acquiescence of the Mexican government. Given that Petitioner's claims of feared harm rested primarily on threats relating to a property that has since been sold, the agency reasonably concluded that Petitioner failed to meet his burden of showing his entitlement to CAT relief. *See Parada*, 902 F.3d at 914.

4. Even if the agency erred in its analysis of whether Petitioner is a member of a particular social group, substantial evidence does not compel reversing its determination that he is not eligible for withholding of removal. The agency made an alternative finding that he failed to establish that his alleged membership in any protected class was "a reason" for his past harassment, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), as the harassment ended once his mother sold their property. Petitioner did not contest this finding by the BIA in his opening brief before this court, so the issue is waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). And because this ground provides a sufficient basis to uphold the agency's denial of Petitioner's application for withholding of

4

removal, we need not consider other issues concerning any other grounds. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts . . . are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

**PETITION DENIED.**